UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 1:16-cv-00051-PPS-SLC |
| | ) |
| WINDSOR HOMES, INC., *doing business as* | ) |
| Windsor Homes by Jeff Gilmore, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to strike (DE 15) filed by Plaintiff Design Basics, LLC, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, seeking to strike 30 of the 38 affirmative defenses (DE 13) pled by Defendants Windsor Homes, Inc., doing business as Windsor Homes by Jeff Gilmore; Windsor Construction, LLC; Windsor Construction, Inc.; and Windsor, Inc. (collectively, "Windsor Homes"), in response to Design Basics's complaint. Windsor Homes filed a response in opposition to the motion to strike (DE 17); Design Basics has not filed a reply, and its time to do so has now passed. Therefore, the motion to strike is ripe for ruling.

For the following reasons, Design Basics's motion to strike will be GRANTED IN PART and DENIED IN PART.

### A. Applicable Legal Standard

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources, *Custom*

*Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). However, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*.

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Id.* (citation omitted); *see also Williams v. Jader Fuel*, 944 F.2d 1388, 1400 (7th Cir. 1991). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc.*, 883 F.2d at 1294 (citation omitted). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id.* (citation omitted). "Thus, defenses must set forth a 'short and plain statement,' Fed. R. Civ. P. 8(a), of the defense." *Id*. (citation omitted).

"The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses." *Husainy v. Allied Collection Serv., Inc.*, No. 4:15-CV-95-JVB-PRC, 2016 WL 1604825, at *1 (N.D. Ind. Apr. 22, 2016). For the reasons set forth by Magistrate Judge Paul Cherry in *Cottle v. Falcon Holdings Management, LLC*, No. 2:11-CV-95, 2012 WL 266968, at *1-3 (N.D. Ind. Jan. 30, 2012), this Court agrees with those cases that decline to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses.

## B. Analysis

Design Basics has moved to strike certain affirmative defenses pled by Windsor Homes in its answer, specifically Windsor Homes's affirmative defenses 1-9, 11, 12, 15, 16, 18, 20-34, and 37-38.

### 1. Affirmative Defenses 1 and 38

Windsor Homes does not oppose Design Basics's motion to strike its affirmative defense 1 (failure to state a claim) and 38 (reserving the right to amend or add additional defenses). (DE 17 at 14-15). Therefore, the motion to strike will be GRANTED with respect to these two defenses.

### 2. Affirmative Defenses 2 and 3

In affirmative defenses 2 and 3, Windsor Homes alleges that the Windsor entities are licensees of Design Basics and that some of the alleged infringed conduct is within the scope of those licensed rights. Design Basics seeks to strike these defenses for the reason that Windsor Homes does not identify with specificity which Windsor entity is a licensee of which purported copyrighted work.

However, Windsor Homes emphasizes, and rightly so, that Design Basics in its complaint also does not specify which of the four named Windsor entities is alleged to have infringed on which of the five purported copyrighted works. (*See* DE 1). Consequently, Design Basics is, in essence, contending that Windsor Homes must provide *more* information in an affirmative defense than Design Basics provided in its complaint. Considering that Design Basics failed to address this argument by filing a reply brief, the Court declines to strike affirmative defenses 2 and 3 and finds that they are sufficiently pled to put Design Basics on

notice of the defenses.  *See Cottle*, 2012 WL 266968, at *3 (An affirmative defense must be adequately pled "to put a plaintiff on notice of the defense.").  Therefore, the motion to strike will be DENIED as to affirmative defenses 2 and 3.

      3.      <u>Affirmative Defenses 4 and 18</u>

Design Basics seeks to strike affirmative defenses 4 (failure to mitigate) and 18 (cannot show actual damages or statutory damages) on the grounds that they are not supported by sufficient facts to give rise to a plausible claim to relief under *Twombly*.  As stated above, this Court declines to apply *Twombly* to affirmative defenses.

At this early stage of the litigation, these two defenses are sufficiently pled to put Design Basics on notice of the defenses.  *See, e.g.*, *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03 C 7069, 2004 WL 1200184, at *4 (N.D. Ill. May 28, 2004) (stating that it would be unreasonable to expect defendant to have detailed information about mitigation of damages at the early stage of litigation).  Therefore, the motion to strike will be DENIED with respect to affirmative defenses 4 and 18.

      4.      <u>Affirmative Defense 5</u>

Design Basics seeks to strike affirmative defense 5 (statute of limitations) for failure to offer facts to explain how Windsor Homes's actions or omissions subject it to this defense, or how the statute of limitations may apply to the facts alleged by Design Basics.

The affirmative defense as pled alleges that Design Basics's claims are barred by the statute of limitations "to the extent the alleged acts first occurred more than three years prior to the filing of the Complaint, or, alternatively, to the extent those alleged acts were or should have been discovered more than three years prior to the filing date of the Complaint."  (DE 13 at 11).

4

Although Windsor Homes does not cite the specific applicable statute of limitations, Design Basics's claims are advanced under the Copyright Act, which has a three-year statute of limitations. 17 U.S.C. § 507. As such, the affirmative defense as pled sufficiently puts Design Basics on notice of the statute of limitations defense. *See Cottle*, 2012 WL 266968, at *3. Therefore, the motion to strike will be DENIED as to affirmative defense 5.

     5.     <u>Affirmative Defenses 6, 15, 16, and 26-30</u>

Next, Design Basics seeks to strike affirmative defenses 6 (laches), 15 and 26 (estoppel), 16 (no irreparable harm), 27 (acquiescence), 28 (waiver), 29 (abandonment), and 30 (release). Design Basics asserts that these "equitable" affirmative defenses must be pled with the specific elements to establish the defense or at least some direct or influential allegations as to each element of the defense. The Court agrees. *See, e.g.*, *Isringhausen Imports, Inc. v. Nissan N. Am., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *2 (C.D. Ill. Dec. 5, 2011); *Pringle v. Garcia*, No. 2:09-CV-22-RLM-PRC, 2009 WL 1543460, at *1-2 (N.D. Ind. June 2, 2009); *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 WL 89434, at *6 (E.D. Wis. Jan. 7, 2008); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907, (N.D. Ill. 2006); *Yash Raj Films (USA) Inc.*, 2004 WL 1200184, at *3.

Design Basics argues that Windsor Homes's boilerplate pleading of each of these equitable defenses has not sufficiently apprised opposing counsel and this Court of the predicate for the claimed defense. Design Basics's observation is accurate; Windsor Homes has not provided any insight into what activities Design Basics engaged in that would preclude it from pursuing its claims, nor has Windsor Homes pointed to any part of the complaint or answer that may contain facts which would explain Design Basics's activities subjecting it to these

5

affirmative defenses. Rather, these affirmative defenses as pled by Windsor Homes "are nothing but bare bones conclusory allegations," which is insufficient under Seventh Circuit precedent. *Heller Fin. Co.*, 883 F.2d at 1295; *see also Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *3 (N.D. Ind. July 8, 2013) ("Simply pleading legal conclusions like 'waiver' and 'estoppel' is not enough because even under the liberal federal pleading standards, bare bones conclusory allegations with no supporting facts are not sufficient." (citation omitted)). Therefore, the Court will GRANT the motion to strike as to affirmative defenses 6, 15, 16, and 26-30.

6. <u>Affirmative Defenses 7, 8, and 23</u>

In affirmative defenses 7, 8, and 23, Windsor Homes alleges that Design Basics's works are uncopyrightable because they are non-creative and lack originality. Design Basics moves to strike these defenses for the reason that Windsor Homes failed to provide a factual basis for the defenses, and that as such, they are insufficient under *Heller* and *Twombly*. But as explained above, the Court declines to apply the "plausibility" standard articulated in *Twombly*.

These three affirmative defenses as pled by Windsor Homes are "state[d] in short and plain terms," Fed. R. Civ. P. 8(b), and sufficiently put Design Basics on notice of the affirmative defense. *See Cottle*, 2012 WL 266968, at *3. As such, the motion to strike will be DENIED with respect to affirmative defenses 7, 8, and 23.

7. <u>Affirmative Defense 9</u>

Design Basics also seeks to strike Windsor Homes's affirmative defense 9, which challenges the adequacy of Design Basics's conduct in registering the purported copyrights. It characterizes this defense as "another boilerplate affirmative defense containing no explanation,

6

based on the facts alleged in the Complaint and Windsor Homes's answer, as to how [Design Basics] failed to meet the copyright registration requirements." (DE 16 at 8). In response, Windsor Homes argues that the facts pertaining to this defense are almost exclusively within Design Basics's control and are unavailable to Windsor Homes except through discovery. (DE 17 at 18). Design Basics did not reply to Windsor Homes's argument, and thus, the Court declines to strike this affirmative defense at this early stage of the proceedings. *See, e.g.*, *Ivanov v. Nyhus*, No. 14-cv-382-jdp, 2014 WL 5307936, at *3 (W.D. Wis. Oct. 16, 2014) (declining to strike an affirmative defense where defendants asserted that the relevant facts were in plaintiffs' possession). Thus, the motion to strike will be DENIED as to affirmative defense 9.

8. <u>Affirmative Defenses 11 and 34</u>

In affirmative defenses 11 and 34, Windsor Homes simply alleges: "Plaintiff's claims are barred for failure to join an indispensable party." (DE 13 at 12, 14). This affirmative defense is too vague and conclusory to stand; Windsor Homes includes no facts that support this defense, and thus it amounts to "nothing but bare bones conclusory allegations." *Heller Fin. Co.*, 883 F.2d at 1295. "[E]ven if the plausibility requirement does not apply to affirmative defenses, a conclusion that the standards are less rigorous is not the same as a conclusion that a defendant need not plead any facts in support of a defense." *Ivanov*, 2014 WL 5307936, at *2 (striking an affirmative defense of failure to join a party where the defendant did not include any facts to support the defense). Therefore, the motion to strike will be GRANTED as to affirmative defenses 11 and 34.

9. <u>Affirmative Defenses 12, 20-22, 24, 25, 31-33, and 37</u>

Design Basics next addresses affirmative defenses 12 (fair use), 20 (merger), 21 (scenes

7

a faire), 22 (spoliation of evidence), 24 (*de minimus* use), 25 (public domain), 31 (copyright misuse), 32 (implied licenses), 33 (lack standing, not the real parties in interest, invalid assignment, do not own copyrights), and 37 (copyright exhaustion). It contends that these defenses are nothing more than boilerplate assertions that do not survive scrutiny under either *Heller* or *Twombly*.

The Court finds that affirmative defenses 12, 24, 25, 32, and 33 are pled sufficiently to put Design Basics on notice of the defenses. *See Cottle*, 2012 WL 266968, at *3. In defenses 12 and 24, respectively, Windsor Homes alleges that "[e]ach alleged use of the supposed Copyrighted Works by any Defendant was a fair use" and that "[i]f there was any use of Plaintiff's works by Defendants, such use was *de minimus*." (DE 13 at 12-13). Affirmative defenses 25 and 32 state that the alleged infringed works are in the public domain and that implied licenses exist in each of the supposed copyrighted works. Because these defenses are responsive to the facts of the complaint (DE 1), the Court will allow them to stand. Also, affirmative defense 33 challenging the ownership of the copyrights at issue is akin to affirmative defense 10 that alleges Design Basics is not the valid or current owner of the supposed copyrighted works. Design Basics does not seek to strike affirmative defense 10, and thus, the the Court finds that Design Basics has adequate notice of affirmative defense 33 as well. Therefore, the motion to strike will be DENIED with respect to affirmative defenses 12, 24, 25, 32, and 33.

Affirmative defenses 20-22, 31, and 37, however, again are "nothing but bare bones conclusory allegations." *Heller*, 883 F.2d at 1295 (striking affirmative defenses where defendant "omitted any short and plain statements of facts and failed totally to allege the

necessary elements"). "[S]imply naming legal theories without indicating how they are connected to the case at hand" is insufficient. *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000). Therefore, the motion to strike will be GRANTED with respect to affirmative defenses 20-22, 31, and 37.

### C. Conclusion

For the foregoing reasons, Design Basics's motion to strike (DE 15) is GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order. Windsor Homes is granted up to and including July 28, 2016, to file an amended answer that comports with the requirements of Federal Rule of Civil Procedure 8(b) and Seventh Circuit precedent.

SO ORDERED.

Entered this 14th day of July 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge